**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000909
13-APR-2017
07:50 AM**

NO. CAAP-15-0000909

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RONALD MELVIN BARNES, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 12-1-0057)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Ronald Melvin Barnes (**Barnes**) appeals from the October 26, 2015 Judgment of Conviction and Sentence (**Judgment**) filed in the Circuit Court of the First Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawai'i (**State**) indicted Barnes on nine counts of Sexual Assault in the First Degree under Hawaii Revised Statutes (**HRS**) § 707-730(1)(b) (2014)[2] and six

---

[1]  The Honorable Karen S.S. Ahn presided.

[2]  HRS § 707-730(1)(b) (2014) states:

> **Sexual assault in the first degree.**  (1)  A person commits the offense of sexual assault in the first degree if:
> . . .
> (b)  The person knowingly engages in sexual penetration with another person who is less than fourteen years old;

(continued...)

counts of Sexual Assault in the Third Degree under HRS § 707-732(1)(b) (2014).[3] The charges alleged that Barnes sexually assaulted two minors. After a dismissal of certain counts, and a jury trial, the jury found Barnes guilty of five counts of Sexual Assault in the First Degree - Counts 1, 3, 5, 6, and 13. The Circuit Court sentenced Barnes to twenty years of imprisonment in Counts 1, 3, 5, and 6, to be served concurrently with each other. The Circuit Court sentenced Barnes to twenty years of imprisonment in Count 13, to be served consecutive to Counts 1, 3, 5 and 6.

On appeal, Barnes raises a single point of error, contending that the Circuit Court abused its discretion in sentencing Barnes to a term of imprisonment for Count 13 consecutive to the concurrent terms of imprisonment for Counts 1, 3, 5, and 6.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Barnes's point of error as follows:

---

[2](...continued)

. . .
(2) Sexual assault in the first degree is a class A felony.

[3]     HRS § 707-732(1)(b) (2014) states:

   **Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:
   . . .
   (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person;
   . . .
   (2) Sexual assault in the third degree is a class C felony.

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013) (citation omitted).

"A sentencing court has discretion to order multiple terms of imprisonment to run concurrently or consecutively." Id. (citing HRS § 706-668.5(1) (2008)). HRS § 706-668.5(2) (2014) states: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606." HRS § 706-606 (2014) provides:

> The court, in determining the particular sentence to be imposed, shall consider:
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed:
>     (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>     (b) To afford adequate deterrence to criminal conduct;
>     (c) To protect the public from further crimes of the defendant; and
>     (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) The kinds of sentences available; and
> (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

"Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Kong, 131 Hawai'i at 102, 315 P.3d at 728

(citation and brackets omitted). However, "circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." Id. (citation and emphasis omitted). "[T]he sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606 [,]" but rather must "articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences." Id. (citations omitted).

Here, the Circuit Court considered the HRS § 706-606 factors, including the nature and circumstances of the offense, which the court found "most serious as they involved the sexual molestation of two young children as to whom defendant was in a position of trust as" their stepfather. The court observed that "these two children apparently suffered harm from the sexual assaults, and that harm apparently remains with the children notwithstanding counseling." The Circuit Court also noted the characteristics of the defendant, including that Barnes's criminal acts "spanned a substantial period of time and involved acts of deception both as to the children and to adults." The court stated that Barnes was "uncooperative in the preparation of any aspect of the presentence report and does not appear to have expressed any sadness that the two children suffered harm of any kind."

The Circuit Court found that a consecutive sentence was required to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under HRS § 706-606(2) because, inter alia, the crimes

were "to not one but two small children." The court further found that the consecutive sentence was necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Barnes, especially against children.

On appeal, Barnes notes the existence of some mitigating factors, such as that he cooperated with the police in Tacoma and Honolulu, he purportedly had no prior criminal history, and the convictions stem from a single indictment. However, the presence of some mitigating factors does not compel this court to conclude that the Circuit Court abused its discretion, especially in light of the Circuit Court's clear rationale for imposing a consecutive sentence.

We also reject Barnes's arguments that, in essence, suggest that he did not sexually assault the minor victims, as the underlying premise is inconsistent with the jury's verdict and does not implicate any abuse of discretion in the Circuit Court's sentence.

Accordingly, we conclude that the Circuit Court did not abuse its discretion in imposing a consecutive sentence. The Circuit Court's October 26, 2015 Judgment is affirmed.

DATED: Honolulu, Hawai'i, April 13, 2017.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5